IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSE GUADALUPE UVALLE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0093 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS
## AS TIME BARRED UNDER 28 U.S.C. § 2244(d)

Came this day for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JOSE GUADALUPE UVALLE on March 31, 2006.[1]  By his habeas application, petitioner appears to be challenging four (4) July 19, 2004 convictions for the felony offenses of aggravated assault against a public servant, attempt to take weapon,[2] and two separate sexual assault of a child offenses, all convictions out of the 47th Judicial District Court of Potter County, Texas.

For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus should be DISMISSED as time barred.

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

[2] The Court is unclear of the exact charge which petitioner has classified as "attempt to take weapon."

# I.
## PROCEDURAL HISTORY

According to petitioner, on July 19, 2004, he pleaded guilty to the offenses listed above in Cause Nos. 48,889-A, 48,890, 48,891-A and 48,892.  The trial court accepted petitioner's guilty pleas and assessed petitioner's punishment at, "15, 35, 6 months, 35 years aggravated,"[3] such terms to be served by confinement in the Texas Department of Criminal Justice, Correctional Institutions Division.  No direct appeals of petitioner's convictions or sentences were taken and such convictions thus became final on August 18, 2004, after the expiration of the statutory thirty (30) day period in which to file a motion for new trial or a notice of appeal. See TEX. R. APP. P. 26.2(a)(1) (West 2002).

Petitioner filed, on January 29, 2005, three (3) state applications for a writ of habeas corpus. *Ex parte Uvalle*, App. No.s 61,681-01, 61,681-02 and 61, 681-03.[4]   On June 1, 2005, the Texas Court of Criminal Appeals denied such applications without written orders.  On March 31, 2006, petitioner filed the instant federal habeas application challenging his convictions and sentences.

# II.
## PETITIONER'S ALLEGATIONS

Petitioner alleges his conviction was in violation of the Constitution and/or laws of the United States for the following reasons:

1.      Petitioner's plea was involuntary;

2.       Petitioner was denied effective assistance of counsel;

---

[3]It is not clear whether the two entries of 15 and 35 refer to months or years.  Such determination is not crucial to the disposition of this case.

[4]According to the records of the Texas Court of Criminal Appeals petitioner filed his first habeas application on March 17, 2005 and his second and third on April 20, 2005.  This Court has given petitioner the benefit of the earlier filing date, January 29, 2005 as alleged in the federal habeas petition.

3.      Petitioner was not advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and

4.      Petitioner was not competent and/or suffers from diminished capacity and counsel was ineffective for failing to secure a competency hearing.


III.
AEDPA LIMITATIONS PERIOD

Before the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 [hereinafter AEDPA], a prisoner faced no strict time constraints in filing a petition for a writ of habeas corpus.  The AEDPA, however, amended 28 U.S.C. § 2244 to establish a one-year limitation period for filing a habeas petition in federal court.  That section provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. § 2244(d) also provides for tolling of the statute of limitations (1) if the claims presented in the petition for writ of habeas corpus, for some reason, could not have been presented earlier because of some impediment to filing created by state action, (2) if the constitutional right asserted was initially recognized by the Supreme Court is on a date subsequent to the date the conviction became final, or (3) if the date on which the petitioner discovers the factual predicate of the claim or claims presented, or by the exercise of due diligence should have discovered them, is subsequent to the date the conviction became final.  In instances such as these, the limitation period would begin on the applicable post-conviction date. The new time limitations imposed by section 2244 apply to the instant habeas application because it was filed after the effective date of the statute, April 24, 1996.  *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

As stated *supra*, petitioner was convicted on July 19, 2004 and had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of his conviction and sentence.  *See* Tex. R. App. P. 26.2(a)(1).  Petitioner, however, failed to do so.[5]  Therefore, petitioner's conviction became final upon the expiration of the time period in which to file his Notice of Appeal, or August 18, 2004.  As such, the instant federal application was due on or before August 18, 2005, had petitioner not been entitled to any of the statutory tolling provisions. Petitioner filed his state writ applications on January 29, 2005[6] and they were denied on June 1, 2005.  Therefore petitioner was entitled to 123 days of tolling making the instant habeas application due on or before December 19, 2005.  Since petitioner did not file this federal habeas

---

[5]It is possible, although not alleged, that petitioner had no right of appeal because of the plea bargain.

[6]See Footnote 3.

application within the statutory time limits, petitioner's application is time barred by the one-year limitation period and must be dismissed.

## III.
## RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JOSE GUADALUPE UVALLE be DISMISSED as time barred.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of April 2006.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).